17-0807-cv
*Mindy MacCluskey v. Univ. of Connecticut Health Ctr.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
          GERARD E. LYNCH,
          DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MINDY MACCLUSKEY,
                    *Plaintiff-Appellee*,

          v.                                             17-0807-cv

UNIVERSITY OF CONNECTICUT HEALTH
CENTER,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:          TANI E. SAPIRSTEIN, Sapirstein &
                                 Sapirstein, Springfield, Massachusetts.

FOR DEFENDANT-APPELLANT:              COLLEEN B. VALENTINE, Assistant
                                      Attorney General, Ann E. Lynch,
                                      Assistant Attorney General, *for* George
                                      Jepsen, Attorney General of the State of
                                      Connecticut, Hartford, Connecticut.

        Appeal from the United States District Court for the District of

Connecticut (Shea, *J.*).

        **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the amended judgment of the district court is

**AFFIRMED**.

        In this sexual harassment case, brought pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, a jury awarded plaintiff-appellee Mindy

MacCluskey damages of $200,000 against her employer, defendant-appellant University

of Connecticut Health Center ("UCHC").  The court granted a motion for remittitur and

reduced the damages to $125,000, and entered an amended judgment on March 30,

2017.  UCHC timely appealed.  We assume the parties' familiarity with the underlying

facts, the procedural history of the case, and the issues on appeal.

        It is undisputed at this juncture that MacCluskey was subjected to

actionable sexual harassment by a co-worker, Dr. Michael Young, who was not her

supervisor.  The principal question on appeal is whether a sufficient basis existed for

imputing the offending conduct to UCHC as the employer, a question that turns on

2

whether UCHC knew, or in the exercise of reasonable care should have known, about the harassment but failed to take appropriate action.  *Duch v. Jakubek*, 588 F.3d 757, 762 (2d Cir. 2009).

In 2000, Young was disciplined for sexually inappropriate behavior towards a different dental assistant.  In response to the complaint and subsequent investigation, Young was given a "last chance" agreement which included the following terms: a ten-day suspension; a requirement that he see a psychiatrist; and termination upon "any future instances of unsolicited flirtatious letters or comments to any employee, or any behavior similar to this."  App. 253.  Nothing in the record suggests that the "last chance" agreement was ever terminated or revoked.

In 2008, MacCluskey began working for UCHC as a dental assistant.  She worked two days a week with Young in a dental clinic at a juvenile correctional facility.  Approximately six months after working together, Young began to make comments regarding MacCluskey's appearance, inquired about her personal life, and invaded her personal space.  At some time between 2009 and 2010, MacCluskey complained of Young's behavior to two co-workers.  MacCluskey and Young's supervisor, Dr. Alexis Gendell, received information about an unspecified potential problem in the dental clinic concerning MacCluskey.  Gendell asked MacCluskey about this "situation" once

3

in a hallway. App. 837. MacCluskey told Gendell that "there is a situation and I'm all set. It is under control." *Id.* at 838. Gendell took no further action. Gendell had never been made aware of Young's prior sexual harassment or the last chance agreement.

In 2010, MacCluskey asked to be transferred to a different dental clinic. Although the transfer would require her to work with Young an additional day a week, she needed the hours to earn additional income to support her family. Hence, in her request to be transferred, she stated that she and Young "work extremely well together." App. 300. At the new clinic, however, Young's harassment of MacCluskey escalated with persistent inappropriate emails and touching. On one occasion, Young blocked the doorway, grabbed MacCluskey's waist, pulled her close, and put his hand up her shirt.

After this incident, MacCluskey reported the sexual harassment to her supervisor, Rikel Lightner, and filed an incident report on February 24, 2011. UCHC placed Young on administrative leave the next day and the Office of Diversity and Equity ("ODE") conducted an investigation. The ODE investigation concluded on March 10, 2011 and revealed that Young had given "shoulder rubs" to two other dental assistants and had violated UCHC's policy prohibiting sexual harassment, and that

4

MacCluskey's complaint was credible. App. 319. Young chose to resign rather than be fired.

On September 25, 2013, MacCluskey commenced this action against UCHC for Young's sexual harassment alleging gender discrimination and a hostile work environment in violation of Title VII. Prior to and during trial, UCHC filed a number of motions for summary judgment, reconsideration of the denial of the motion for summary judgment, and judgment as a matter of law pursuant to Rule 50(a), all of which were denied with the exception that the district court granted partial summary judgment, holding, as a matter of law, that Young was not MacCluskey's supervisor. On September 1, 2016, following the jury's verdict, the district court entered judgment in favor of MacCluskey and awarded her $200,000 in damages. UCHC's post-trial motions were denied, except with respect to remittitur.

UCHC raises several arguments on appeal. First, it argues that the district court erred in denying its motions for summary judgment, reconsideration, and judgment as a matter of law because there is no legal basis to impute liability to UCHC. UCHC contends that it had no knowledge, actual or constructive, of Young's harassment of MacCluskey prior to her 2011 complaint, upon which it took immediate action. Second, UCHC argues that the district court erred by denying its motion for

5

new trial because the jury instructions did not properly inform the jury of the applicable law on "notice" or "reasonable care." *See* Def. Br. at 51-60.

**I.** *UCHC's Liability*

To prevail on a hostile work environment claim, a plaintiff must prove that (1) the "workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her work environment," and (2) "a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Murray v. New York Univ. College of Dentistry*, 57 F.3d 243, 249 (2d Cir. 1995) (citations omitted). This appeal concerns only the second element.

Where, as here, a hostile work environment claim involves conduct by a co-worker, rather than by a supervisor, the employer is only liable for its own failure to exercise reasonable care to address the harassment. *Duch*, 588 F.3d at 762. Accordingly, the test is whether (1) the employer "failed to provide a reasonable avenue for complaint" *or* (2) "it knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action." *Id.* (quoting *Howley v. Town of Stratford*, 217 F.3d 141, 154 (2d Cir. 2000)). It is undisputed that UCHC provided a reasonable avenue for complaint and that MacCluskey did not report Young's conduct prior to 2011. The question is whether UCHC had constructive notice

6

of the harassment, that is, whether it should have known about the harassment in the exercise of reasonable care.

At this stage in the litigation, after a jury trial and verdict, our review is limited to determining whether a reasonable jury could have found that UCHC should have known about Young's sexual harassment in the exercise of reasonable care. *See Cross v. N.Y. City Transit Auth.*, 417 F.3d 241, 248 (2d Cir. 2005). The largely undisputed facts are construed "in the light most favorable to" MacCluskey, as the party who prevailed at trial. *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 77 (2d Cir. 2006).

We agree with the district court that there was sufficient evidence for a reasonable jury to find that, in the exercise of reasonable care, UCHC should have known about Young's harassment. As outlined by the district court, a reasonable jury could have found the following:

- After Young had sexually harassed another assistant in 2000, he was disciplined and subjected to the last chance agreement.

- Young's supervisors, including Gendell, should have been made aware of the last chance agreement, but they were not.

- Young's supervisors should have been monitoring him, especially given the isolated and close working environment.

7

- From 2009 through 2011, Young made inappropriate comments regarding MacCluskey's appearance, inquired about her personal life, and invaded her personal space.

- At some time between 2009 and 2010, MacCluskey complained of Young's behavior to two co-workers.

- Gendell was alerted to a possible issue involving MacCluskey in the dental clinic, to the extent that she asked her about the "situation"; she did so, however, in a hallway, rather than a private setting, and did not ask follow-up questions or raise the issue again; indeed, she took no further action.

Collectively, these facts provided a sufficient basis for a reasonable jury to determine that in the exercise of reasonable care, UCHC should have known about Young's harassment in 2009 or 2010. There was enough notice that Gendell was prompted to inquire, and instead of asking an informal question in a hallway, she should have conducted a deeper inquiry. Moreover, she should have known about Young's earlier conduct and the last chance agreement, and that knowledge surely would have provided reason for a more probing inquiry when UCHC became aware there was a "situation."

UCHC argues that it had a sexual harassment policy and MacCluskey knew about the policy but failed to make a complaint for two years. Hence, UCHC contends, it is not liable for Young's actions because of the affirmative defense established in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). We disagree.

First, the *Faragher/Ellerth* affirmative defense applies to supervisor harassment. The Supreme Court and this Circuit have made it clear that there are different standards of liability for supervisor versus co-worker harassment. *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013) ("In cases in which the harasser is a 'supervisor,' however, different rules apply."); *Petrosino v. Bell Atlantic*, 385 F.3d 210, 225 (2d Cir. 2004) (explaining the *Faragher*/*Ellerth* affirmative defense for *supervisor* harassment); *Bartniak v. Cushman & Wakefield, Inc.*, 223 F. Supp. 2d 524, 529 (S.D.N.Y. 2002) ("*Faragher*/*Ellerth* does not apply to this case. When a hostile working environment is created by a co-worker, the employer is not subject to strict liability and there is no need to consider an affirmative defense.").

Second, even if the affirmative defense did apply, the existence of an anti-harassment policy is not dispositive on the issue of whether the employer exercised reasonable care to prevent and correct harassing behavior. *See Ferraro v. Kellwood Co.*,

9

440 F.3d 96, 102 (2d Cir. 2006).  Even where an employer provides a reasonable avenue

for complaint, it may be liable if it knew or should have known about the harassment

and failed to take appropriate action.  *Duch*, 588 F.3d at 762.  As discussed above, the

facts in the record provided a sufficient basis for a reasonable jury to find that UCHC

acted without reasonable care and was thus liable for Young's conduct.

> **II.** *Jury Instructions*

Preserved challenges to a district court's jury instructions are reviewed *de*

*novo*.  *Chauca v. Abraham*, 841 F.3d 86, 89 (2d Cir. 2016).  "'A jury instruction is erroneous

if it misleads the jury as to the correct legal standard or does not adequately inform the

jury on the law.'  An erroneous jury instruction requires a new trial, unless the error is

harmless."  *Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013) (quoting *Gordon v.*

*New York City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000)).  A new trial is an

extraordinary remedy and "ordinarily should not be granted unless the trial court is

convinced that the jury has reached a seriously erroneous result or that the verdict is a

miscarriage of justice."  *Kosmynka*, 462 F.3d at 82 (citations omitted).

We find no error with the jury instruction in this case.  The pertinent part

of the instructions stated:

> If you find that the Plaintiff was sexually harassed by Dr. Young and the
> harassment created a hostile work environment, the Defendant is liable

10

if the Plaintiff demonstrates that the employer knew, or in the exercise of reasonable care should have known, about the harassment but failed to take appropriate remedial action. To determine whether the Plaintiff's response was reasonable, you must consider the totality of the circumstances.

App. 1224-1225. This instruction properly states the law. We are not persuaded by UCHC's argument that "[t]he most critical legal standards in this case were not explained." Def. Reply Br. at 23. First, the jury instructions sufficiently defined "reasonableness" by providing a non-exhaustive list of factors to be considered in determining whether UCHC's response was reasonable. Second, UCHC's proposed instructions did not request or provide a definition of "notice," "actual or constructive notice," or "reasonable care." Third, UCHC argued that the district court should have instructed the jury to consider specific factors, namely whether it had an anti-harassment policy, whether MacCluskey failed to take advantage of it, and whether UCHC took reasonable action after she did complain. The district court was not required to instruct the jury on these factors, which are essentially the *Faragher/Ellerth* affirmative defense, because this is a co-worker harassment case. Accordingly, we find no error in the jury instructions or the denial of the motion for a new trial.

. . .

11

We have considered UCHC's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's amended judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12